Exhibit A

# Exhibit A

A TRUE COPY ATTEST
DEPUTY SHERIFF
Middlesex County
2/16/23
DATE OF SERVICE

**Commonwealth of Massachusetts**

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2281CV04039

Corrine M. Devitt, PLAINTIFF(S),

V.

Sanofi-Aventus US, LLC, DEFENDANT(S)

THE SUPERIOR COURT

**SUMMONS**

THIS SUMMONS IS DIRECTED TO Sanofi-Aventus US, LLC. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**
2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex Superior Court, 200 Tradecenter Dr., Woburn MA 01801 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 220 Broadway, Ste. 404, Lynnfield MA. 01940
3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on ________________, 20___.

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on ____________________, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

__________________________________________________________

__________________________________________________________

__________________________________________________________

Dated: ____________________, 20___ Signature: ________________________

**N.B. TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

| |
|---|
| , 20___ |

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2281CV04039 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Corrine M Devit vs. Sanofi-Aventis US, LLC | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: File Copy | | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION** **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/27/2023 | |
| Response to the complaint filed (also see MRCP 12) | | 03/28/2023 | |
| All motions under MRCP 12, 19, and 20 | 03/28/2023 | 04/27/2023 | 05/30/2023 |
| All motions under MRCP 15 | 03/28/2023 | 04/27/2023 | 05/30/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 09/25/2023 | | |
| All motions under MRCP 56 | 10/24/2023 | 11/24/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/22/2024 |
| Case shall be resolved and judgment shall issue by | | | 11/27/2024 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| **11/28/2022** | **Maria Pantos** | |

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 22-4034 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Middlesex Superior Court (Woburn) |

| | |
|---|---|
| Plaintiff: Corinne M. Devitt | Defendant: Sanofi-Aventis US, LLC |
| ADDRESS: 82 Larned Road, Oxford, MA 01540 | ADDRESS: 51 New York Avenue, Framingham, MA 01701 |
| Plaintiff Attorney: Richard C. Chambers, Jr., Esq. | Defendant Attorney: |
| ADDRESS: 220 Broadway, Suite 404, Lynnfield, MA 01940 | ADDRESS: |
| BBO: 651251 | BBO: |
| Plaintiff Attorney: Joseph Spinale, Esq. | Defendant Attorney: |
| ADDRESS: 220 Broadway, Suite 404, Lynnfield, MA 01940 | ADDRESS: |
| BBO: 548547 | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| D09 | Interference in Contractual Relationship | F | ☒ YES ☐ NO |

***If "Other" please describe:**

**Is there a claim under G.L. c. 93A?** ☐ YES ☒ NO

**Is there a class action under Mass. R. Civ. P. 23?** ☐ YES ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX
NOV 28 2022
[signature] CLERK

**TORT CLAIMS**

A. Documented medical expenses to date

| | |
|---|---|
| 1. Total hospital expenses | $0.00 |
| 2. Total doctor expenses | $0.00 |
| 3. Total chiropractic expenses | $0.00 |
| 4. Total physical therapy expenses | $0.00 |
| 5. Total other expenses (describe below) | $0.00 |
| Subtotal (1-5): | **$0.00** |
| B. Documented lost wages and compensation to date | $0.00 |
| C. Documented property damages to date | $0.00 |
| D. Reasonably anticipated future medical and hospital expenses | $0.00 |
| E. Reasonably anticipated lost wages | $0.00 |
| F. Other documented items of damages (describe below) | $2,000,000.00 |
| TOTAL (A-F): | **$2,000,000.00** |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| | |
|---|---|
| Signature of Attorney/Unrepresented Plaintiff: X /s/ Richard C. Chambers, Jr., Esq. | Date: November 28, 2022 |

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| | |
|---|---|
| Signature of Attorney/Unrepresented Plaintiff: X /s/ Richard C. Chambers, Jr., Esq. | Date: November 28, 2022 |

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 22-4039

CORINNE M. DEVITT,
Plaintiff,

v.

SANOFI-AVENTIS US, LLC,
Defendant.

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

NOV 28 2022

CLERK

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**THE PARTIES**

1. At all times hereinafter mentioned, the Plaintiff, CORRINE M. DEVITT, (hereinafter, "Corrine" or "Plaintiff"), was and now is a citizen of the United States with a domicile located in Oxford, Commonwealth of Massachusetts.

2. The Defendant, Sanofi-Aventis US, LLC, (hereinafter, "Sanofi" or "Defendant") is a Delaware Limited Liability Company with offices at 84 State Street, Boston, Suffolk County, Massachusetts and at 51 New York Avenue, Framingham, Middlesex County, Commonwealth of Massachusetts.

**THE FACTS**

3. The Plaintiff was employed as a Manager-Cell Therapy for Sanofi on February 7, 2022.

4. Defendant initiated a policy in which all employees were required to take the COVID-19 vaccine as a condition of maintaining employment with Defendant (hereinafter, "Vaccine Policy").

5. The Vaccine Policy has specific provisions that an employee may request an exemption from mandatory injection of the vaccine if the employee has sincerely held religious beliefs against taking the shot.
6. Plaintiff submitted to Defendant a request for religious exemption on January 5, 2022.
7. Plaintiff was wrongfully terminated from Sanofi on February 14, 2022, for not taking the COVID-19 vaccine.
8. Plaintiff underwent two (2) interactive processes with Sanofi, the first on December 22, 2021, and the second on January 4, 2022, via email and phone during which Plaintiff requested accommodations.
9. The Defendant wrongly denied Corrine's accommodation, leaving her with a "Hobson's choice" and she was discharged on February 14, 2022, for failing to take the COVID-19 vaccine. Defendant's refusal to approve Plaintiff's request for a religious exemption and Defendant's refusal to offer or approve accommodations to Plaintiff was a wrongful termination.
10. Plaintiff filed a claim with Equal Employment Opportunity Commission (hereinafter, the "EEOC") on February 4, 2022. Plaintiff never had a hearing with the EEOC. The EEOC stated that it will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. The EEOC also stated that this determination does not certify that the Defendant is in compliance with the statutes.
11. Plaintiff received a "Right to Sue Letter" from EEOC on August 31, 2022, a copy of which is attached hereto as **"Exhibit A"**.

12. As a result of Defendant's actions, Plaintiff has suffered severe financial and emotional distress.

13. Plaintiff has suffered anxiety, depression and neurosis. She has also suffered socially when she left her team and colleagues at Sanofi when she was wrongfully terminated. Plaintiff has also suffered physically due to stress-induced facial itching, swelling and pain, with no neurological cause found.

14. Plaintiff has suffered financially due to loss of income, expenses related to legal fees to obtain her unemployment benefits, credit card usage and stress on her relationships, all due to Defendant's denial of her religious exemption and their failure to offer her an accommodation.

15. Plaintiff's wrongful termination and Defendant's actions has caused Plaintiff to lose her health insurance and dental insurance.

16. Plaintiff was a high achieving employee and because of her wrongful termination has lost her annual bonus and pension/retirement benefits as well.

## COUNT I
## DETRIMENTAL RELIANCE / PROMISSORY ESTOPPEL

17. The Plaintiff re-alleges the foregoing Paragraphs 1-16 as if set forth again here.

18. The Plaintiff relied on the promises of the Defendant for being employed, fair and equitable treatment under the Vaccine Policy including a legitimate opportunity to request a religious exemption and expect accommodations to be fairly considered, all to her great detriment.

## COUNT II
## INTENTIONAL MISREPRESENTATION / DECEIT

19. The Plaintiff re-alleges the foregoing Paragraphs 1-18 as if set forth again here.

20. Defendant, through its agents intentionally and knowingly made false representations to the Plaintiff and Defendant misrepresented the meaning of company conditions and ongoing company practices.

21. Plaintiff relied on Defendant's material misrepresentations to her detriment.

22. Plaintiff, by relying on Defendant's misrepresentations, lost her employment, and lost any income generated therefrom, as well as future earnings and retirement/pension benefits.

23. There was a process for filing an accommodation and Plaintiff's accommodation was wrongfully denied.

**COUNT III**
**NEGLIGENCE**

24. The Plaintiff re-alleges the foregoing Paragraphs 1-23 as if set forth again here.

25. Defendant through its agents negligently misrepresented to Plaintiff the Defendant's company conditions, and company policies.

26. Plaintiff relied on said misrepresentations to her detriment.

27. As a result of said misrepresentations Plaintiff lost her established employment and the income generated therefrom, as well as future earnings and retirement/pension benefits.

**COUNT IV**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP**

28. The Plaintiff re-alleges the foregoing Paragraphs 1-27 as if set forth again here.

29. Defendant tortiously caused interference with Plaintiff's income, unemployment and retirement/pension benefits, by wrongfully denying her religious exemption from the COVID-19 vaccine, causing her to be wrongfully terminated from her job.

**COUNT V**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

30. The Plaintiff re-alleges the foregoing Paragraphs 1-29 as if set forth again here.

31. The Defendant's intentional conduct of fraudulently inducing Plaintiff to rely on its misrepresentations to her detriment and by intentionally denying her religious exemption to not get the COVID-19 Vaccine, was extreme and outrageous beyond all possible bounds of decency, and the type of conduct that is utterly intolerable.

32. The Defendant, with its retaliatory actions, intended to cause the Plaintiff to suffer emotional distress and/or knew or should have known, that severe emotional distress was likely to result based on its aforementioned conduct.

33. The actions of the Defendant were of such an egregious nature that no reasonable person should anticipate or be required to endure.

34. Plaintiff relied on said misrepresentations to her detriment.

35. As a result of said misrepresentations Plaintiff has suffered depression, anxiety, loss of trust in people, loss of trust in Sanofi as an employer, low confidence and has experienced extreme mental anguish.

## COUNT VI
## GOOD FAITH AND FAIR DEALING

36. The Plaintiff re-alleges the foregoing Paragraphs 1-35 as if set forth again here.

37. The Defendant wrongfully terminated Corrine's employment and caused her financial loss of income and retirement/pension benefits and mental distress because of her religious beliefs.

38. Said actions by Defendant were wrongful, intentional, and against public policy.

39. Defendant violated its duty of good faith and fair dealing.

## COUNT VII
## ASSAULT

40. Th Plaintiff re-alleges the foregoing Paragraphs 1-39 as if set forth here.

41. The actions of the Defendant placed the Plaintiff in fear and apprehension of imminent bodily harm.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT:**

Enter Judgment against the Defendant, finding that the Defendant's conduct was knowingly and intentionally in bad faith, with knowledge or reason to know that their acts would cause substantial hardship to the Plaintiff, and against public policy and common law, for damages as follows:

1. Two Million Dollars ("$2,000,000.00") for general damages and costs;
2. For general damages in an amount to be determined for emotional distress, embarrassment, humiliation, anxiety, sleeplessness, and emotional trauma;
3. For all reasonable attorney's fees;
4. For all applicable interests and related costs;
5. For the costs of suit incurred herein, and;
6. For all other relief this Honorable Court deems meet, and just.

**The Plaintiff demands a trial by jury on all counts.**

Respectfully submitted,
The Plaintiff,
Corrine M. Devitt
By her attorneys,

DATED: November 28, 2022

*/s/ Richard C. Chambers, Jr., Esq.*
Richard C. Chambers, Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
richard@chamberslawoffice.com

DATED: November 28, 2022

*/s/ Joseph Spinale., Esq.*
Joseph Spinale, Esq.
BBO#: 548547
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 838-1411
Fax: (781) 581-8449
Joe@chamberslawoffice.com

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Boston Area Office**
15 New Dudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/31/2022

**To:** Mrs. Corrine Devitt
82 Larned Road
OXFORD, MA 01540
Charge No: 523-2022-01696

EEOC Representative and email: Anthony Pino
Supervisor
Anthony.Pino@EEOC.GOV

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
08/31/2022

Timothy Riera
Acting District Director