**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **CORRINE DEVITT,**<br>**Plaintiff,**<br>**v.**<br>**SANOFI-AVENTUS, US, LLC.**<br>**Defendant.** | **Case Number: 4:23-cv-10516-MRG** |

# FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

## I. PARTIES

1. At all times hereinafter mentioned, the Plaintiff, CORRINE M. DEVITT, (hereinafter, "Corrine" or "Plaintiff"), was and now is a citizen of the United States with a domicile located in Oxford, Commonwealth of Massachusetts.

2. The Defendant, Sanofi-Aventis US, LLC, (hereinafter, "Sanofi" or "Defendant") is a Delaware Limited Liability Company with offices at 84 State Street, Boston, Suffolk County, Massachusetts and at 51 New York Avenue, Framingham, Middlesex County, Commonwealth of Massachusetts.

## II. JURISDICTION

3. The Court has jurisdiction in this matter pursuant to 42 U.S.C § 1983 and Sec 2000e-5 (f) and 28 U.S.C §§ 2201, 2202 and Sec 1331 and 1343 (a) and has supplemental jurisdiction over State law claims.

## III. FACTS

4. The Plaintiff was employed as a Manager-Cell Therapy for Sanofi on February 7, 2022.

5. Defendant initiated a policy in which all employees were required to take the COVID-19 vaccine as a condition of maintaining employment with Defendant (hereinafter, "Vaccine Policy").

6. The Vaccine Policy has specific provisions that an employee may request an exemption from mandatory injection of the vaccine if the employee has sincerely held religious beliefs against taking the shot.

7. Plaintiff submitted to Defendant a request for religious exemption on January 5, 2022.

8. Plaintiff was wrongfully terminated from Sanofi on February 14, 2022, for not taking the COVID-19 vaccine.

9. Plaintiff underwent two (2) interactive processes with Sanofi, the first on December 22, 2021, and the second on January 4, 2022, via email and phone during which Plaintiff requested accommodations.

10. The Defendant wrongly denied Corrine's accommodation, leaving her with a "Hobson's choice" and she was discharged on February 14, 2022, for failing to take the COVID-19 vaccine. Defendant's refusal to approve Plaintiff's request for a religious exemption and Defendant's refusal to offer or approve accommodations to Plaintiff was a wrongful termination.

11. Plaintiff filed a claim with Equal Employment Opportunity Commission (hereinafter, the "EEOC") on February 4, 2022. Plaintiff never had a hearing with the EEOC. The EEOC stated that it will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. The EEOC also stated that this determination does not certify that the Defendant is in compliance with the statutes.

12. Plaintiff received a "Right to Sue Letter" from EEOC on August 31, 2022.
13. As a result of Defendant's actions, Plaintiff has suffered severe financial and emotional distress.
14. Plaintiff has suffered anxiety, depression and neurosis. She has also suffered socially when she left her team and colleagues at Sanofi when she was wrongfully terminated. Plaintiff has also suffered physically due to stress-induced facial itching, swelling and pain, with no neurological cause found.
15. Plaintiff has suffered financially due to loss of income, expenses related to legal fees to obtain her unemployment benefits, credit card usage and stress on her relationships, all due to Defendant's denial of her religious exemption and their failure to offer her an accommodation.
16. Plaintiff's wrongful termination and Defendant's actions has caused Plaintiff to lose her health insurance and dental insurance.
17. Plaintiff was a high achieving employee and because of her wrongful termination has lost her annual bonus and pension/retirement benefits as well.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATION OF M.G.L. CHAPTER 151 AND VIOLATION OF TITLE VII

18. Paragraphs 1-17 are referenced and incorporated into Count I.
19. The Plaintiff at all relevant times was engaged in protected activity under MGL Chapter 151 and 42 USC § 2000e *et seq*.

20. The Defendant wrongly, arbitrarily and capriciously denied Plaintiff a religious exemption from having to inject herself with the COVID-19 vaccine due to her sincerely held religious beliefs.

21. The Defendant retaliated against the Plaintiff because she refused to inject the COVID-19 vaccine.

22. The Defendant at all times knew, or should have known, that the COVID-19 vaccine did not prevent contracting nor spreading the disease.

**COUNT II**

**VIOLATION OF PLAINTIFFS' EQUAL PROTECTION AND TREATMENT RIGHTS**

23. Paragraphs 1-22 are referenced and incorporated into Count II.

24. The actions of the Defendant denied the Plaintiff her rights to Equal Protection and equal treatment as guaranteed to her by the United States Constitution.

25. Pursuant to the Fourteenth Amendment to the United States Constitution, the Plaintiff had a right to the Equal Protection and Due Process of laws.

26. The Plaintiff had a right to be treated equally as their co-workers who elected to receive the COVID-19 vaccine.

27. The Plaintiff was treated differently than other employees who opted to receive the COVID-19 vaccine because her sincerely held religious beliefs were not accommodated, she was placed on an un-paid administrative leave, and she was ultimately let go from their employment.

28. The Defendant at all times knew, or should have known, that the COVID-19 vaccine did not prevent contracting nor spreading the disease.

## COUNT III

## VIOLATION OF PLAINTIF'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS

29. Paragraphs 1-28 are referenced and incorporated into Count III.

30. The actions of the Defendant denied the Plaintiff her rights to Due Process of Law as guaranteed to her by the United States Constitution.

31. Plaintiff has the right and protected interest under the First, Fourth and Fourteenth Amendment to the United States Constitution and Articles IV, X, XX, XXI, XXIX, and XXX of the Massachusetts Declaration of Rights to be from the invasion of bodily integrity and to be free from unwanted medical intervention.

32. Because of these rights enjoyed by the Plaintiff directly under both the United States Constitution and the Massachusetts Declaration of Rights as mentioned above, her substantive due process rights were denied when the Defendant mandated the COVID-19 vaccine upon the Plaintiff, refused to honor her sincerely held religious beliefs and grant her Religious Exemption from said vaccine and wrongfully terminating her from her employment in retaliation.

33. Because of the Defendant's action and inactions as aforementioned, the Plaintiff's procedural due process rights were denied and violated.

34. The Defendant at all times knew, or should have known, that the COVID-19 vaccine did not prevent contracting nor spreading the disease.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT:**

Enter Judgment against the Defendant, finding that the Defendant's conduct was knowingly and intentionally in bad faith, with knowledge or reason to know that their acts would cause

substantial hardship to the Plaintiff, and against public policy and common law, for damages as follows:

1. A minimum amount of Two Million Dollars ("$2,000,000.00") for general damages and costs;
2. For general damages in an amount to be determined for emotional distress, embarrassment, humiliation, anxiety, sleeplessness, and emotional trauma;
3. For all reasonable attorney's fees;
4. For all applicable interests and related costs;
5. For the costs of suit incurred herein, and;
6. For all other relief this Honorable Court deems meet, and just.

**The Plaintiff demands a trial by jury on all counts.**

Respectfully submitted,
The Plaintiff,
Corrine Devitt,
By her attorneys,

DATED: April 21, 2023

*<u>/s/ Richard C. Chambers, Jr., Esq.</u>*

Richard C. Chambers, Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
Email: Richard@chamberslawoffice.com

DATED: April 21, 2023

*<u>/s/ Joseph Spinale., Esq.</u>*

Joseph Spinale, Esq.
BBO#: 548547
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 838-1411
Fax: (781) 581-8449
Email: Joe@chamberslawoffice.com