Exhibit 1

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CORRINE M. DEVITT,<br>Plaintiff,<br>v.<br>SANOFI-AVENTIS US, LLC,<br>Defendant. | Civil Action No. 4:23-cv-10516-MRG |

[PROPOSED]

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff's Opposition is premised on erroneous statements of the law; it ignores directly applicable and binding precedent; it misstates the content and import of leading public health guidance issued in the midst of the COVID pandemic; it posits outlandish and illogical conspiracy theories as a basis for Plaintiff's purported constitutional claims; it is replete with unsupported statements regarding vaccines, lacking a single supporting citation to authority and untethered from any of the allegations that actually appear in the First Amended Complaint ("FAC"). The Opposition, in short, leaves no doubt that this case should be dismissed.

Sanofi US focuses on four discrete points in reply:

(1) Even if Plaintiff could point to a single source of credible authority for her views concerning the efficacy of COVID vaccines — which she does not — those views are legally irrelevant. Sanofi US grounded the Vaccination Policy in the medical evidence and available public health guidance regarding COVID vaccination, and the Opposition offers nothing to suggest otherwise. The law does not prevent an employer from exercising its business judgment

concerning the practices it deems necessary to protect the health and safety of its employees and the public. Plaintiff's mere disagreement with that judgment does not advance her claims.

(2) Plaintiff is wrong that the timeliness of her federal Title VII claim is analyzed under Massachusetts procedural law. Where, as here, a federal statute (in this case, Title VII) provides the relevant limitations period, the relation back analysis proceeds under Fed. R. Civ. P. 15.

(3) Plaintiff's argument that Sanofi US – a private entity – is somehow a state actor relies on misstatements of undisputed fact and is wrong as a matter of law. First, Plaintiff states, in a misrepresentation to the Court, that Sanofi US "did not originate [the Vaccination Policy] but was **ordered** to create the policy per a mandate of the Federal Government." Opp., ECF No. 18 at 6 (emphasis in original). This is plainly false. The regulation to which Plaintiff refers did not apply to Sanofi US, and in any event, the law is clear that a private employer's receipt of federal funds, or its reliance on guidance from federal agencies in implementing an employee vaccination requirement, do not convert the employer into a state actor. (*Infra*, pp. 5-8.) Further, Sanofi was *ahead of* the federal government in requiring vaccination of its workforce. Plaintiff invokes a rule issued by the Centers for Medicare and Medicaid Services (CMS) governing the terms and conditions of participation in those federal health insurance programs. *Id.* at 6. That rule was issued on November 5, 2021 — almost 3 months *after* Sanofi announced it would be implementing its Vaccination Policy. *See Biden v. Missouri*, 142 S. Ct. 647, 651 (2022) ("On November 5, 2021, the Secretary issued an interim final rule amending the existing conditions of participation in Medicare and Medicaid to add a new requirement—that facilities ensure that their covered staff are vaccinated against COVID–19.").

(4) Plaintiff's general assertion that undue hardship is a "fact-driven" defense, Opp., ECF No. 18 at 14-15, is insufficient to save her claims under Title VII and Chapter 151B because,

in this case, the facts establishing Sanofi US's undue hardship defense are evident on the face of the FAC. *See Lowe v. Mills*, 68 F.4th 706, 719 (1st Cir. 2023) (affirming dismissal of Title VII challenge to providers' COVID vaccine requirement on undue hardship grounds; "Although undue hardship is an affirmative defense … dismissal on a Rule 12(b)(6) motion is nonetheless appropriate if the facts establishing the defense are clear on the face of the plaintiffs' pleadings and there is no doubt that the plaintiffs' claims are barred[.]") (internal quotation marks, alterations, and citations omitted). The Supreme Court's recent decision in *Groff v. DeJoy*, 143 S. Ct. 2279 (2023) does not change this. Stripped of Plaintiff's unsupported assertions regarding the efficacy of COVID vaccines, the Opposition offers no cogent argument as to why allowing Plaintiff, a people manager, to remain unvaccinated while working alongside fellow employees at a science-driven vaccine manufacturer in the middle of a global pandemic would *not* impose an undue hardship on Sanofi US as a matter of law.

## ARGUMENT

### I. Plaintiff's Assertions Regarding COVID Vaccines are Unsupported and Legally Irrelevant.

The Opposition begins with a "Pre[l]i[m]inary Statement" in which Plaintiff — without citation to any allegation in the FAC, or any source of authority that actually supports the proposition — concludes that "**[b]eing vaccinated has virtually no effect on preventing the spread of COVID-19**." Opp., ECF No. 18 at 2 (emphasis in original). Plaintiff even mis-attributes that assertion to the CDC. *Id.* at 1-2.

This bald assertion is no substitute for viable, supported legal argument. CDC's publicly available data at the time of implementation of Sanofi's implementation of the Vaccination Policy demonstrated the vaccines' effectiveness. *See Occupational Exposure to COVID-19; Emergency Temporary Standard*, 86 Fed. Reg. 32397 (June 21, 2021) ("The CDC has acknowledged that a

growing body of evidence suggests that fully vaccinated people are less likely to have asymptomatic infection or transmit SARS-CoV-2 to others … .") (internal quotation marks and citation to CDC guidance omitted). The fact that, as Plaintiff suggests, CDC has at times recommended measures *in addition to* vaccination for persons living in areas of high community spread, *see* Opp., ECF No. 18 at 2, in no way supports her statement that vaccination has "virtually no effect" on reducing the spread of COVID.

In sum, the prevailing public health guidance at the time Sanofi US announced the Vaccination Policy was that unvaccinated people posed increased risks of developing infection, symptomatic infection requiring hospitalization, and consequent COVID outbreaks.[1] As a matter of law, Title VII did not require Sanofi US to tolerate that risk by allowing Plaintiff, who managed other colleagues in a close-quarters environment, to remain unvaccinated. *See E.E.O.C. v. Oak-Rite Mfg. Corp.*, No. IP99–1962–C–H/G, 2001 WL 1168156, at *14 (S.D. Ind. Aug. 27, 2001) ("Title VII does not require employers to test their safety policies on employees to determine the minimum level of protection needed to avoid injury."). Nor did the law require Sanofi US to mollify the concerns of every vaccine skeptic before implementing measures to protect the health and safety of its employees and the public. *See United States v. City of Albuquerque*, 545 F.2d 110, 114 (10th Cir. 1976) (reasonable accommodation and undue hardship analysis "boils down to a determination as to whether the employer has acted reasonably"); *Beadle v. City of Tampa*, 42 F.3d 633, 636 (11th Cir. 1995) (same).

[1] *See* https://web.archive.org/web/20210810183452/https://www.cdc.gov/vaccines/covid-19/clinical-considerations/covid-19-vaccines-us.html (version of CDC Website from August 10, 2021); https://web.archive.org/web/20220214191534/https://www.cdc.gov/vaccines/covid-19/clinical-considerations/covid-19-vaccines-us.html (version of CDC website from February 14, 2022). This Court may take judicial notice of the publicly available guidance on the CDC's website. *See Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (taking judicial notice of information published on CDC's website). Matters subject to judicial notice may be considered in evaluating a Motion to Dismiss. *See, e.g.*, *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003).

Plaintiff may disagree with the overwhelming consensus of American public health authorities, but her disagreement is legally irrelevant and does not save her claims from dismissal.

## II. Federal Procedural Law, Not Massachusetts Law, Governs the Timeliness of Plaintiff's Title VII Claim.

In its opening Memorandum of Law, Sanofi US showed that Plaintiff's Title VII claim is untimely because it was not filed within 90 days of her receipt of the EEOC's Right to Sue letter, and the relation back doctrine has no application because Plaintiff, in effect, voluntarily dismissed her original complaint. *See* Defs.' Memo, ECF No. 16 at 7-9 (discussing case law from the First Circuit and other federal courts).

In response, Plaintiff claims that the more liberal relation back rule embodied in Mass. R. Civ. P. 15, not Fed. R. Civ. P. 15, governs the application of the relation back doctrine in this case. Plaintiff is mistaken. Federal law governs the application of the relation back doctrine where, as here, the relevant filing period is supplied by federal law — Title VII. "Where there is no applicable state law, such as in federal question cases wherein federal law supplies the relevant statute of limitations, [Federal] Rule 15(c)[] applies." *One Beacon Ins. Co. v. Electrolux*, 223 F.R.D. 21, 25 (D. Mass. 2004).[2] Plaintiff's Title VII claim is untimely and must be dismissed.

## III. Sanofi US is Not a State Actor.

As Sanofi US pointed out in its opening Memorandum of Law, Plaintiff's constitutional claims require a showing of state action, and Defendant is not a state actor; it is a private employer. *See* Def. Memo, ECF No. 16 at 10-11. In her Opposition, Plaintiff does not dispute that state action is an essential element of her constitutional claims. Instead, she argues that Sanofi US's

[2] Plaintiff filed his Amended Complaint in federal court, bringing federal Title VII and constitutional claims in Counts I-III. *See* ECF 12. The case was initially removed based on diversity jurisdiction when Plaintiff brought only state law claims. Now that he primarily brings federal claims, this Court has federal question jurisdiction. The fact that he also brings a state law claim under M.G.L. c. 151B does not change the analysis, and the Court should still dismiss Plaintiff's Title VII claims.

Vaccination Policy was not actually Sanofi US's policy at all; rather, Plaintiff says, Sanofi US was "**ordered** to create the policy per a mandate of the Federal Government" — namely, the CMS rule requiring certain health care facilities participating in Medicare and other reimbursement programs to ensure that their covered staff are vaccinated against COVID-19. Opp., ECF No. 18 at 6.

As an initial matter, none of these allegations appear in the FAC, and they are therefore not properly before the Court. *See Steele v. Turner Broad. Sys., Inc.*, 607 F. Supp. 2d 258, 263 (D. Mass. 2009) ("assertions in an opposition to a motion are not the equivalent of factual pleadings"). However, even if Plaintiff had included these allegations in the FAC, the CMS regulation to which Plaintiff refers indisputably does not apply to Sanofi US. *See* CMS 3514-IFC (applicable entities that provide services to Medicare, Medicaid, Basic Health Programs, and Exchange beneficiaries).

Neither the FAC nor the Opposition offers any factual or legal basis for the conclusion that Sanofi US's decision to implement the Vaccination Policy, or its decision to terminate Plaintiff's employment, subjects it to constitutional claims. Under controlling law, the fact that the Vaccination Policy was consonant with (or even encouraged by) the public policy embodied in federal guidance, or regulatory programs, does not suffice to implicate the government in the Vaccination Policy or the decision to terminate Plaintiff's employment. As the Supreme Court has held, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (nursing homes were not state actors when they made decisions about discharges or transfers of Medicare beneficiaries from nursing homes to lower-care facilities pursuant to utilization review process required by Medicare regulations) (internal quotation marks omitted) (*quoting Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974)); *id.* at 1004-05 ("Mere approval of … the initiatives of a private party is not sufficient to justify holding the State

responsible for those initiatives under the terms of the Fourteenth Amendment."). Likewise, an entity's "receipt of public funds does not make [its] discharge decisions acts of the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982).

Indeed, the First Circuit and District Court for the District of Massachusetts have held that private employers are not state actors with respect to COVID vaccination policies. *See, e.g.*, *McEntee, et al., v. Beth Israel Lahey Health, Inc., et al.*, No. 22-CV-11952-DLC, 2023 WL 4907617, at *1 (D. Mass. Aug. 1, 2023) (rejecting almost identical Equal Protection and Due Process claims and finding that Beth Israel Lahey Health and related entities are not state actors, even if they received federal funding, or acted consistent with federal guidance)[3]; *Together Emps. v. Mass Gen. Brigham Inc.*, 32 F.4th 82, 87 (1st Cir. 2022) ("MGB is not a state actor"); *Bush v. Wang Ctr. For the Performing Arts, Inc.*, No. 22-10473-NMG, 2022 U.S. Dist. LEXIS 228636 (D. Mass. Oct. 31, 2022) (holding that private entity could not be viewed as a state actor under any of the three tests employed by the First Circuit). Other courts, too, have recently rejected plaintiffs' misguided efforts to bring constitutional claims against their former private employers in cases alleging that those employers' COVID vaccination policies violated the Constitution. *See, e.g.*, *Johnson v. Tyson Foods, Inc.*, 607 F. Supp. 3d 790, 802 (W.D. Tenn. 2022) (granting motion to dismiss constitutional claims against private employer; "The mere fact that [the employer] relied on OSHA and CDC guidance in formulating its vaccine policy does not make either Defendant an 'agent of the government.'"); *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 467-68 (M.D. Pa. 2022) (granting motion to dismiss employees' purported constitutional claims seeking to challenge employer's COVID vaccination policy). Courts similarly have held that employers, like

[3] The *McEntee* case was filed by the same counsel, Mr. Chambers and Mr. Spinale. The Court also held, among other things, that the Due Process claim failed because "'termination of employment does not constitute 'interference with a constitutional right where … the employee was at-will,'" *id.* at *5 (citations omitted), as Plaintiff is here.

Sanofi, who were subject to the federal contractor Executive Order (No. 14042) are not state actors, and thus their refusal to grant employees religious exemptions from the vaccine mandate does not violate the Free Exercise Clause. *Ciraci v. J.M. Smucker Co.*, 62 F.4th 278, 281–82 (6th Cir. 2023).

The Opposition makes plain that Plaintiff disagrees with the federal government's pandemic policymaking. Her discontent does not transform her termination by a private employer into state action. The constitutional claims against Defendant must be dismissed.

**IV. Dismissal is Proper Because the Facts Supporting Sanofi US's Undue Hardship Defense are Undisputed and Evident on the Face of the FAC.**

In its opening Memorandum of Law, Sanofi US demonstrated that the facts alleged in the FAC make plain that, as a matter of law, granting Plaintiff's requested exemption from the Vaccination Policy would have imposed an undue hardship on Sanofi US's operations. *See* Def. Memo, ECF No. 16 at 12-16. To avoid dismissal of her failure to accommodate claims on undue hardship grounds, Plaintiff makes two principal contentions. First, she points out that the defense of undue hardship under Title VII and Chapter 151B is "fact-driven[.]" Opp., ECF No. 18 at 14. But as the First Circuit recently made clear, a failure to accommodate claim is properly subject to Rule 12(b)(6) dismissal where "the facts establishing the [undue hardship] defense are clear on the face of the plaintiffs' pleadings …". *Lowe*, 68 F.4th at 719. Here, neither party disputes the relevant facts: Plaintiff worked, in person, for a pharmaceutical company (and vaccine manufacturer) in the middle of the COVID-19 pandemic, managing other employees.[4]

[4] Plaintiff misquoted and misrepresented the holding of *Lowe* when she stated that Defendant was precluded from asserting an undue hardship defense. Plaintiff claims that the Defendant in *Lowe* could not claim "undue hardship" if it granted medical exemptions to "'any of its employees[.]'" FAC, ECF No. 16 at 15. The quoted language does not appear in *Lowe*, and Plaintiff's claim about the First Circuit's holding is false. The Court actually held that a healthcare facility *had* shown that granting COVID vaccine religious exemption requests would constitute an undue hardship, irrespective of whether it granted medical exemption requests. *See Lowe*, 68 F.4th at 725. The First Circuit affirmed the lower court's dismissal of the plaintiffs' Title VII religious discrimination claims. *Id.*

Further, Plaintiff does not dispute — and it is a matter of judicial notice — that "COVID-19 is a highly contagious, dangerous, and … deadly disease." *Biden v. Missouri*, 142 S. Ct. at 652. In the midst of that pandemic, Sanofi US implemented the Vaccination Policy, requiring its workforce to become vaccinated against COVID-19. *Id.*, ¶¶ 9-14. The evidence was that the new COVID vaccines were safe and effective at reducing the risk of spread of the virus. *See, e.g.*, *Doe v. Mills*, 16 F.4th 20 (1st Cir. 2021); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). On those alleged and undisputed facts, there is no need for discovery to determine whether allowing an unvaccinated people manager to interact with colleagues — thereby exposing those persons to an increased risk of infection with a deadly contagious disease — would impose an undue hardship on the operations of a pharmaceutical company in the middle of a public health emergency.[5]

This is true even in light of the Supreme Court's recent decision in *Groff*. In *Groff*, the Court did not overrule, but "clarifi[ed]" the undue hardship standard under Title VII first articulated in *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1977). Specifically, the Court explained that "'undue hardship' is shown when a burden is *substantial in the overall context of an employer's business*." *Groff*, 143 S. Ct. at 2294 (emphasis added). Given the facts and circumstances described above and in Defendant's opening brief, which are evident on the face of the Complaint, granting Plaintiff's requested exemption from the Vaccination Policy would have imposed a substantial burden in the overall context of Sanofi US's scientifically-grounded, vaccine manufacturing business, which nurtures a reputation for enhancing public health and relied on uninterrupted worker productivity to help combat the global pandemic. Mitigating unnecessary

[5] Plaintiff erroneously states that Defendant granted her an exemption from the flu shot. ECF No. 18 at 15. That allegation is not true, and it is not contained in her Amended Complaint. Plaintiff worked for Sanofi US for less than two weeks, and her first and only accommodation request was for an exemption from the Vaccination Policy.

threats to employees' health and safety, such as transmission of infection, are crucial to this mission. *See Cloutier*, 390 F. 3d at 134; *Lowe*, 68 F.4th at 720-21 (dismissing religious accommodation claim where, in businesses own discretionary judgment, granting vaccine mandate exemption could disrupt the conduct of the company's business). When the FAC's unsupported attacks on the efficacy of COVID vaccines and misrepresentations of CDC guidance are set aside, the facts alleged in the FAC establish Sanofi US's undue hardship defense as a matter of law.

## CONCLUSION

For all of these reasons and those set forth in Sanofi US's opening Memorandum of Law, Sanofi US respectfully requests that this Court grant its Motion to Dismiss.

**DATED: September __, 2023**

Respectfully submitted,

SANOFI-AVENTIS US, LLC,

By its attorneys,

*/s/ Kristin G. McGurn*

Kristin G. McGurn (BBO No. 559687)
kmcgurn@seyfarth.com
Christopher W. Kelleher (BBO No. 705508)
ckelleher@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

**CERTIFICATE OF SERVICE**

I, Kristin G. McGurn, certify that on September __, 2023, I caused a true and accurate copy of the foregoing document to be filed and uploaded to the CM/ECF system.

*/s/ Kristin G. McGurn*
Kristin G. McGurn