**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CORRINE M. DEVITT,**

Plaintiff,

v.

**SANOFI-AVENTUS US, LLC,**

Defendant.

**Civil Action No.: 4:23-cv-10516-MRG**

**PLAINTIFF'S SUPPLEMENT REGARDING FAILURE TO SPECIFY RELIGIOUS BELIEF DETAILS IN COMPLAINT**

On October 4, 2023, counsel for the Plaintiff appeared before this Court for a hearing relative to Defendant's Motion to Dismiss. During argument, the Court addressed Defendant's contention that the First Amended Complaint ("FAC") failed to state claims with specificity, and particularly, with respect to Plaintiff's sincerely held religious beliefs, proffered to the Defendant in support of her request for religious exemption to the Covid-19 vaccine. Notwithstanding the fact that the Plaintiff has such beliefs, she stated in her FAC that the parties engaged in an interactive process regarding same before Plaintiff was terminated. Defendant's Memorandum in Support of its Motion to Dismiss (Exhibit E) is a copy of Plaintiffs extremely descriptive submission to Defendant which was referred to in the FAC. This brief supplement addresses this issue.

Federal Rules of Civil Procedure 8(a)(2) states in relevant part that a complaint must contain "a short and plain statement of the claim" showing that the party pleading is entitled to relief. Further, neither a "detailed factual allegation" or an "exposition of [plaintiff's] legal argument" are required" *Chalifoux v Chalifoux*, Case No. 14-cv-136-SM at *2 (D.NH Ap 25,

2014), citing *Santiago v Puerto Rico,* 655 F3d 61,72 (1st Cir 2011)(citations omitted) and *Skinner v Switzer*, 131 S.Ct. 1289, 79 L.Ed.2d 233, 242 (2011).

The Court is further required to take all facts alleged in the within Complaint as true and draw all reasonable inferences in Plaintiff's favor as well as look at all facts alleged in the pleadings submitted, including documents attached as Exhibits. *Vierra v First American Title Company*, 668 F. Supp. 2d 282, 289 (D. Mass. 2009), citing *Declude, Inc., v Perry*, 593 F.Supp. 2d, 290, 294 (D. Mass. 2008) and *Phoung Luc*, 496 F3d at 88.

To survive a Motion to Dismiss under FRCP, a pleading party must have provided the Defendant fair notice of the claim against it and the complaint cannot be dismissed under Rule 12(b)(6) because it "does not need detailed factual allegations". *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .

In the instant matter, Plaintiff contends that she alleges in the FAC that the Defendant/employer's COVID-19 Vaccination Policy provided its employees with the ability to claim an exemption for required vaccination bason on a sincerely held religious belief, that Plaintiff has a sincerely held religious belief that she contends prevents her from being so vaccinated, that she followed the procedures, set by Defendant, claiming a Religious exemption, that an interactive process ensued containing at least 2 meetings between the parties, that Plaintiff filed a claim with EEOC regarding this issue which was ended administratively by EEOC without a finding. While not deciding the claims the EEOC issued Plaintiff the "Right to Sue."

Defendant claims in its 12(b) Motion to Dismiss that the Complaint essentially provides a prima facie case it fails to provide enough detail to its liking, however, Defendant concedes and admits that the Plaintiff provided an extremely detailed description of her claims, sincerely held

religious beliefs and how such beliefs prevent her from complying with Defendants vaccination demand. This concession and admission of its receipt of such information in writing from the Defendant, long prior to commencement of the within action, is found at Exhibit E to Defendant's Memorandum in Support of its Motion to Dismiss. As this document is attached to a pleading and part of the Motion to Dismiss record, we contend that Plaintiff's burden is satisfied.

Nonetheless, should the Court look further, the rules and caselaw aforementioned make clear that the Court is permitted to draw inferences from the submissions of the parties. It would be a reasonable inference that Exhibit 1 to Plaintiffs Complaint would lead the Court to infer that the EEOC filing Plaintiff made against Defendant detailed the specificity at issue here as the EEOC did not issue a ruling against Plaintiff for failure to state a claim but, in fact, made no determination. It could also be reasonably inferred that the process requirements set by Defendant for requests for Religious Exemptions required specificity and that same was the subject of the "interactive process" which included at least 2 meetings between the parties. Further the inclusion of Exhibit E in Defendant's pleadings eliminates speculation as to whether Defendant had a fair understanding of the claims Plaintiff makes against it and whether it required anything further than what was plead by Plaintiff to understand it and fairly defend against it.

Moreover the case submitted by Defendant is distinguished from applicability as argued and, in fact, supports Plaintiff's argument when fully considered. Defendants cite the matter of *Brown v. Children's Hosp. of Phila.*, WL 5884545 (E.D.Pa. 2018). Brown was a *pro se* filing and the filer did not inform her employer about what her religious beliefs were to support her exemption request at any time. Further, the *Brown* Court noted that its decision was based on

Third Circuit precedent which recognized that "*employer[s]*" often did not know any particulars about the employee's religion and how it required an exemption. The judge noted that, unlike here, the plaintiff never stated in the complaint that she had "advised Defendant" of her religious beliefs, nor had she alleged that she informed her *employer* "of any particular religious belief she held". Thus, *Brown*, actually supports this Plaintiff because it says that if the employer/defendant in a case was informed of the particulars relative to the religious exemption request when the request was made, that would satisfy the requirements of a complaint. Moreover, the Third Circuit in the *Brown* case virtually held as much in its unpublished affirmance when it said a complaint must state that she had a sincerely held religious belief and that "she told the *employer*" how that belief conflicts with the mandate to take a vaccine. *See Brown*, 794 F.Appx. 226 (3rd Cir. 2020).

Under the teaching of *Twombly* the Defendant herein had fair notice of what the claim is and upon what grounds it rests. There is no "speculation" as to what the claim is about and what evidence was submitted to the Defendant to support it, as evidenced by the Defendant's own exhibit. The Complaint in this case did not need detailed facts when those facts were already stated to the Defendant in the application for a religious exemption.

## CONCLUSION

WHEREFORE, based on the foregoing, Defendant's Motion to Dismiss for insufficient pleadings lacks merit and ought to be denied.

Respectfully submitted,
The Plaintiff,
Corrine M. Devitt,
By her attorneys,

DATED: October 13, 2023

*/s/ Richard C. Chambers, Jr., Esq.*
Richard C. Chambers, Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
Email: Richard@chamberslawoffice.com

DATED: October 13, 2023

*/s/ Joseph Spinale., Esq.*
Joseph Spinale, Esq.
BBO#: 548547
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 838-1411
Fax: (781) 581-8449
Email: Joe@chamberslawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

DATED: October 13, 2023

*/s/ Richard C. Chambers, Jr., Esq.*
Richard C. Chambers, Jr., Esq.