**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CORRINE M. DEVITT,

Plaintiff,

v.

SANOFI-AVENTIS US, LLC,

Defendant.

Civil Action No. 4:23-cv-10516-MRG

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

On October 13, 2023, after the parties fully briefed and argued Defendant's Motion to Dismiss, Plaintiff filed a "Supplement Regarding Failure to Specify Religious Belief Details in Complaint" ("Brief"). ECF 24. In the Brief, Plaintiff does not argue that she adequately pled in her Amended Complaint (or its precursor) that she had a sincerely held religious belief that conflicts with taking the COVID-19 vaccine. Instead, she argues that the Court should consider an attachment ("Exhibit E") to Defendant's mooted motion to dismiss Plaintiff's original, withdrawn Complaint to rule in her favor on the pending motion. As discussed below, Plaintiff's arguments are without merit, and her Amended Complaint should be dismissed in its entirety, with prejudice.

## I. It is Indisputable That Plaintiff Failed to Plead a Sincerely Held Religious Belief that Conflicts with Taking the COVID-19 Vaccine.

As the Court recognized during oral argument, Plaintiff failed to satisfy her burden of pleading plausible, specific facts that reflect a religious belief or practice, that she holds sincerely and consistently adheres to, which actually establishes a conflict with taking the COVID-19 vaccine. Sweeping labels are insufficient. Plaintiff failed to alert the Court to a proper timely claim, specific factual support, or why she is entitled to any relief whatsoever. Nevertheless, Plaintiff belatedly

asks the Court to consider a document that was neither attached to nor referenced in her Amended Complaint, but instead was attached to Defendant's mooted response to her original Complaint.

Plaintiff's original Complaint was superseded, and Defendant's first motion to dismiss, along with its exhibits, is moot. *See Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) (citations omitted) (an amended complaint supersedes the prior complaint, and "[t]hereafter, the earlier complaint is a dead letter and 'no longer performs any function in the case.'"). Neither filing saves Plaintiff from her failure to satisfy the federal pleading standard in her Amended Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.").

Plaintiff's Title VII claims also are untimely. Her failed strategy to initially plead only state law tort claims, including assault, resulting from Sanofi's vaccination requirement, led her to replace them with a Title VII claim filed 240 days after she received her Notice of Right to Sue. She established no basis to toll the limitations period. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly[]" and "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."); *Lavery v. Marsh*, 918 F.2d 1022, 1027 (1st Cir. 1990) (the First Circuit "hew[s] to a 'narrow view' of equitable exceptions to Title VII limitations periods."). Her claims are untimely.

Plaintiff had two opportunities to plead specific facts that state a claim for which relief can be granted. She failed to do so and Exhibit E need not now be read into Plaintiff's Amended Complaint.[1]

[1] As this Court indicated during oral argument, Plaintiff need not be permitted to a third bite at the apple in the form of a Second Amended Complaint.

## II. Exhibit E Does Not Save Plaintiff's Title VII Claims.

Even if the Court were to find that an Exhibit to a mooted motion can now be read into Plaintiff's Amended Complaint, it still fails to shed light on how her alleged sincerely held religious belief conflicts with receiving the COVID -19 vaccine.[2] In Exhibit E, Plaintiff's objections to the vaccine are expressed in terms of health and bodily autonomy – in other words, medical or safety-related rather than religious. For instance, Plaintiff states that she believes her body is a "temple of the Holy Spirt," and she is therefore "dedicated to physical upkeep." As a result, Plaintiff claims that she does not drink excessively, smoke, or have tattoos, and she is not sexually promiscuous. She further claims that she is cautious when it comes to medications and treatments, and she seeks out natural or holistic alternatives, according to her own individual interpretation of what constitutes a healthy lifestyle.

As one court recently explained, "courts have generally been hesitant to find such broad statements in opposition to vaccines to be a sincerely held religious belief." *Kiel v. Mayo Clinic Health Sys. Southeast Minn.*, No. 22-1319 (JRT/ECW), 2023 WL 5000255, *8 (D. Minn. Aug. 4, 2023) (granting motion to dismiss Title VII claims of religious discrimination related to Covid-19 vaccination policies, and collecting cases reaching the same result) *appeal filed*, Sept. 1, 2023. As the court explained:

> [A] religious belief that the body is a temple of God is not itself inconsistent with receiving a vaccine … Many people hold that belief without also believing that receiving a vaccine defiles the body… If [plaintiff] believed that the vaccine defiled her body because it was unhealthy or unsafe, that would be a medical objection, not a religious objection.

*Id*. (citation omitted).

[2] If the Court were to consider Exhibit E, it demonstrates that Plaintiff knew upon hire that she would need to comply with the Vaccination Policy, which responds to questions that arose during oral argument.

Plaintiff also misreads and fails to distinguish *Brown v. Children's Hosp. of Phila.*, No. CV 18-2363, 2018 WL 5884545, at *2 (E.D. Pa. Nov. 9, 2018), *aff'd*, 794 F. App'x 226 (3d Cir. 2020). There, the Court granted the defendant's motion to dismiss because the plaintiff "fail[ed] to plead or identify a sincerely held religious belief that conflicted with Defendant's policy of annual flu vaccines." *Id.* at *2. The Court went on: "Nowhere in her amended complaint … does Plaintiff identify any particular religious belief that she held and/or that conflicted with Defendant's requirement that all employees receive the flu vaccine." *Id.* Plaintiff's Amended Complaint is similarly deficient. Contrary to the implication on page 4 of her Brief, Plaintiff does not allege in her Amended Complaint that she "advised Defendant" of any specific religious belief that conflicts with the Vaccination Policy. *Brown* supports Sanofi US's Motion to Dismiss.

Because Plaintiff does not plausibly plead in her Amended Complaint that she had a sincerely held religious belief that conflicts with receiving the COVID-19 vaccine her Amended Complaint should be dismissed in its entirety, with prejudice.

## **<u>CONCLUSION</u>**

For all of these reasons and as set forth in Sanofi US's Memorandum of Law and Reply briefs, Sanofi US respectfully requests that this Court grant its Motion to Dismiss.

**DATED: October 31, 2023**

Respectfully submitted,

SANOFI-AVENTIS US, LLC,

By its attorneys,

*/s/ Kristin G. McGurn*

Kristin G. McGurn (BBO No. 559687)
kmcgurn@seyfarth.com
Christopher W. Kelleher (BBO No. 705508)
ckelleher@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

**CERTIFICATE OF SERVICE**

I, Kristin G. McGurn, certify that on October 31, 2023, I caused a true and accurate copy of the foregoing document to be filed and uploaded to the CM/ECF system.

*/s/ Kristin G. McGurn*
Kristin G. McGurn