**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **CORRINE DEVITT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SANOFI-AVENTUS, US, LLC.**<br><br>**Defendant.** | **Case Number: 4:23-cv-10516-MRG** |

**THIRD AMENDED COMPLAINT AND JURY TRIAL DEMAND**

**The Court Granted Plaintiff Leave to File this Third Amended Complaint Pursuant to its Memorandum Dated August 4, 2025.**

## I. PARTIES

1. At all times hereinafter mentioned, the Plaintiff, CORRINE M. DEVITT, (hereinafter, "Corrine" or "Plaintiff"), was and now is a citizen of the United States with a domicile located in Oxford, Commonwealth of Massachusetts.

2. The Defendant, Sanofi-Aventis US, LLC, (hereinafter, "Sanofi" or "Defendant") is a Delaware Limited Liability Company with offices at 84 State Street, Boston, Suffolk County, Massachusetts and at 51 New York Avenue, Framingham, Middlesex County, Commonwealth of Massachusetts..

## II. JURISDICTION

3. The Court has jurisdiction in this matter pursuant to 42 U.S.C § 1983 and Sec 2000e-5 (f) and 28 U.S.C §§ 2201, 2202 and Sec 1331 and 1343 (a) and has supplemental jurisdiction over State law claims.

## III. FACTS

4. The Plaintiff was employed as a Manager-Cell Therapy for Sanofi on February 7, 2022.
5. Defendant initiated a policy in which all employees were required to take the COVID-19 vaccine as a condition of maintaining employment with Defendant (hereinafter, "Vaccine Policy").
6. The Vaccine Policy has specific provisions that an employee may request an exemption from mandatory injection of the vaccine if the employee has sincerely held religious beliefs against taking the shot.
7. Plaintiff submitted to Defendant a request for religious exemption on January 5, 2022, a copy of which is attached hereto as Exhibit A and incorporated herein by reference as if fully typed herein (hereafter referred to as "Religious Accommodation Request" or "Request" as the context permits).
8. As confirmed in the Request, Plaintiff is a "Biblically based Christian" which is a minority part of Christianity that seeks wisdom and guidance from scripture and the Holy Spirit rather than modern day spiritual leaders. In this religion sector, the individual believer studies scripture, and the Word of God for themselves.
9. Plaintiff specifically has deeply held religious beliefs that her body was created by God as a temple of the Holy Spirit and that she must remain obedient to God and place her absolute trust in Him to remain in His graces and believes that eternal salvation is lost if she is disobedient to God.
10. Plaintiff sincerely believes that Scripture places a great deal of importance on pure

treatment of the body and that there is spiritual connection between physical and spiritual being and that defiling the physical body defiles the spirit and equates to disobedience to God and would be a blasphemous sin by placing trust in man and not God.

11. Plaintiff sincerely believes that to take the vaccine would cause her to forfeit her connection with God and, therefore, forfeit her eternal salvation.

12. Accordingly, Plaintiff was opposed to taking the vaccine because of her sincerely and deeply held religious beliefs set forth herein and the Request which is attached as Exhibit A and incorporated herein by reference and the effect of the prospect of taking the vaccine in relation to her said sincerely held religious beliefs.

13. Plaintiff was summarily and wrongfully terminated from Sanofi on February 14, 2022, because she requested a religious exemption in compliance with Federal, State law and Defendant's COVID-19 Vaccine policy for not taking the COVID-19 vaccine.

14. Plaintiff underwent two (2) interactive processes with Sanofi, the first on December 22, 2021, and the second on January 4, 2022, via email and phone during which Plaintiff requested a religious accommodation.

15. The Defendant unlawfully denied Plaintiffs accommodation without any consideration of Plaintiff's requests, leaving her with a "Hobson's choice" and she was summarily discharged on February 14, 2022, for failing to take the COVID-19 vaccine. Plaintiff believes that Defendant made its decision to terminate in retaliation to her submitted request and failed to approve Plaintiff's request for a religious exemption and Defendant's refusal to offer or approve accommodations for her therefore resulted in her wrongful termination.

16. Plaintiff filed a claim with Equal Employment Opportunity Commission (hereinafter, the

"EEOC") on February 4, 2022. Plaintiff never had a hearing with the EEOC. The EEOC stated that it will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. The EEOC also stated that this determination does not certify that the Defendant is in compliance with the statutes.

17. Plaintiff received a "Right to Sue Letter" from EEOC on August 31, 2022 a copy of which is attached hereto as Exhibit B.

18. As a result of Defendant's actions, Plaintiff has suffered severe financial and emotional distress.

19. Plaintiff has suffered anxiety, depression and neurosis. She has also suffered socially when she left her team and colleagues at Sanofi when she was wrongfully terminated. Plaintiff has also suffered physically due to stress-induced facial itching, swelling and pain, with no neurological cause found.

20. Plaintiff has suffered financially, including damages due to loss of income, expenses related to legal fees to obtain her unemployment benefits, credit card usage and stress on her relationships, all due to Defendant's denial of her religious exemption and their failure to offer her an accommodation.

21. Plaintiffs wrongful termination and Defendant's actions has caused Plaintiff to lose her health insurance and dental insurance.

22. Plaintiff was a high achieving employee and because of her wrongful termination has lost her annual bonus and pension/retirement benefits as well.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATION OF M.G.L. CHAPTER 151 AND VIOLATION OF TITLE VII

23. Paragraphs 1-22 are referenced and incorporated into Count I.

24. The Plaintiff at all relevant times was engaged in protected activity under MGL Chapter 151B and 42 USC§ 2000e *et seq.*

25. The Defendant wrongly, arbitrarily and capriciously denied Plaintiff a religious exemption from having to inject herself with the COVID- 19 vaccine due to her sincerely held religious beliefs.

26. The Defendant retaliated against the Plaintiff because she submitted a request for a religious exemption to comply with Defendants COCID-19 Vaccine Policy for reasons of her sincerely held religious beliefs preventing her from such action of injecting the COVID-19 vaccine into her body.

27. The Defendant at all times knew, or should have known, that the Center for Disease Control ("CDC") stated that the COVID-19 vaccine did not prevent contracting nor spreading the disease. At the most it may have helped lessen symptoms.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT:**

Enter Judgment against the Defendant, finding that the Defendant's conduct was knowingly and intentionally in bad faith, with knowledge or reason to know that their acts would cause substantial hardship to the Plaintiff, and against public policy and common law, for damages as follows:

1. A minimum amount of Two Million Dollars ("$2,000,000.00") for general damages and costs;

2. For general damages in an amount to be determined for emotional distress, embarrassment, humiliation, anxiety, sleeplessness, and emotional trauma;

3. For all reasonable attorney's fees;

4. For all applicable interests and related costs;

5. For the costs of suit incurred herein, and;

6. For all other relief this Honorable Court deems meet, and just.

**The Plaintiff demands a trial by jury on all counts.**

Respectfully submitted,
The Plaintiff,
Corrine Devitt,
By her attorneys,

DATED: September 3, 2025

*/s/ Richard C. Chambers, Jr., Esq.*
Richard C. Chambers, Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
Email: Richard@chamberslawoffice.com

DATED: September 3, 2025

*/s/ Joseph Spinale., Esq.*
Joseph Spinale, Esq.
BBO#: 548547
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 838-1411
Fax: (781) 581-8449
Email: Joe@chamberslawoffice.com