**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CORRINE M. DEVITT,<br><br>Plaintiff,<br>v.<br><br>SANOFI-AVENTIS US, LLC,<br><br>Defendant. | Civil Action No. 4:23-cv-10516-MRG |

**DEFENDANT'S ANSWER AND ADDITIONAL DEFENSES**
**TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Sanofi-Aventis US, LLC[1] submits its Answer and Additional Defenses to Plaintiff's Third Amended Complaint, as follows:

## I. PARTIES

**COMPLAINT ¶1:**

At all times hereinafter mentioned, the Plaintiff, CORRINE M. DEVITT, (hereinafter, "Corrine" or "Plaintiff), was and now is a citizen of the United States with a domicile located in Oxford, Commonwealth of Massachusetts.

**ANSWER:**

Defendant lacks knowledge or information sufficient to formulate a belief as to the truth of the allegations in Paragraph 1.

**COMPLAINT ¶2:**

The Defendant, Sanofi-Aventis US, LLC, (hereinafter, "Sanofi" or "Defendant") is a Delaware Limited Liability Company with offices at 84 State Street, Boston, Suffolk County, Massachusetts and at 51 New York Avenue, Framingham, Middlesex County, Commonwealth of Massachusetts.

[1] Plaintiff's employer was Sanofi US Services Inc.

**ANSWER:**

Defendant admits that Sanofi-Aventis US, LLC is a Delaware Limited Liability Company, and that it maintains a therapy manufacturing site at 51 New York Avenue, Framingham, Massachusetts. Otherwise, denied.

## II. JURISDICTION

**COMPLAINT ¶3:**

The Court has jurisdiction in this matter pursuant to 42 U.S.C § 1983 and Sec 2000e-5 (f) and 28 U.S.C §§ 2201, 2202 and Sec 1331 and 1343 (a) and has supplemental jurisdiction over State law claims.

**ANSWER:**

Defendant admits that the Court has jurisdiction over this matter.

## III. FACTS

**COMPLAINT ¶4:**

The Plaintiff was employed as a Manager-Cell Therapy for Sanofi on February 7, 2022.

**ANSWER:**

Defendant admits that Plaintiff was employed as a Cell Therapy Manufacturing Manager, and her start date was February 7, 2022. Otherwise, denied.

**COMPLAINT ¶5:**

Defendant initiated a policy in which all employees were required to take the COVID-19 vaccine as a condition of maintaining employment with Defendant (hereinafter, "Vaccine Policy").

**ANSWER:**

Defendant admits that it implemented a Covid-19 Vaccination Policy, in accordance with state and federal laws and applicable public health guidelines, which required employees to be fully vaccinated against Covid-19 as a condition of employment, and which speaks for itself. Otherwise, denied.

**COMPLAINT ¶6:**

The Vaccine Policy has specific provisions that an employee may request an exemption from mandatory injection of the vaccine if the employee has sincerely held religious beliefs against taking the shot.

**ANSWER:**

Defendant admits that as part of its Covid-19 Vaccination Policy, it considered requests for exemption due to sincerely held religious beliefs, and provided reasonable accommodations in accordance with state and federal law, absent undue hardship to the business and/or a direct safety threat to employees, customers, or others. Further responding, Defendant states that the policy speaks for itself. Otherwise, denied.

**COMPLAINT ¶7:**

Plaintiff submitted to Defendant a request for religious exemption on January 5, 2022, a copy of which is attached hereto as Exhibit A and incorporated herein by reference as if fully typed herein (hereafter referred to as "Religious Accommodation Request" or "Request" as the context permits).

**ANSWER:**

Defendant admits the allegations in Paragraph 7.

**COMPLAINT ¶8:**

As confirmed in the Request, Plaintiff is a "Biblically based Christian" which is a minority part of Christianity that seeks wisdom and guidance from scripture and the Holy Spirit rather than modern day spiritual leaders. In this religion sector, the individual believer studies scripture, and the Word of God for themselves.

**ANSWER:**

Defendant denies the allegations in Paragraph 8.

**COMPLAINT ¶9:**

Plaintiff specifically has deeply held religious beliefs that her body was created by God as a temple of the Holy Spirit and that she must remain obedient to God and place her absolute trust in Him to remain in His graces and believes that eternal salvation is lost if she is disobedient to God.

**ANSWER:**

Defendant denies the allegations in Paragraph 9.

**COMPLAINT ¶10:**

Plaintiff sincerely believes that Scripture places a great deal of importance on pure treatment of the body and that there is spiritual connection between physical and spiritual being and that defiling the physical body defiles the spirit and equates to disobedience to God and would be a blasphemous sin by placing trust in man and not God.

**ANSWER:**

Defendant denies the allegations in Paragraph 10.

**COMPLAINT ¶11:**

Plaintiff sincerely believes that to take the vaccine would cause her to forfeit her connection with God and, therefore, forfeit her eternal salvation.

**ANSWER:**

Defendant denies the allegations in Paragraph 11.

**COMPLAINT ¶12:**

Accordingly, Plaintiff was opposed to taking the vaccine because of her sincerely and deeply held religious beliefs set forth herein and the Request which is attached as Exhibit A and incorporated herein by reference and the effect of the prospect of taking the vaccine in relation to her said sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 12.

**COMPLAINT ¶13:**

Plaintiff was summarily and wrongfully terminated from Sanofi on February 14, 2022, because she requested a religious exemption in compliance with Federal, State law and Defendant's COVID-19 Vaccine policy for not taking the COVID-19 vaccine.

**ANSWER:**

Defendant denies the allegations in Paragraph 13. Answering further, Defendant states that the Court dismissed Plaintiff's retaliation claim with prejudice, and during the parties' November

24, 2025 status conference, Judge Guzman noted on the record that the retaliation claim was stricken.

**COMPLAINT ¶14:**

Plaintiff underwent two (2) interactive processes with Sanofi, the first on December 22, 2021, and the second on January 4, 2022, via email and phone during which Plaintiff requested a religious accommodation.

**ANSWER:**

Defendant admits that it engaged in an interactive process with Plaintiff regarding her request to be exempt from the Covid-19 Vaccination Policy, that Defendant was in frequent communication with Plaintiff between December 2021 and February 2022. Further responding, Defendant admits that it conducted an interactive discussion with Plaintiff on January 19, 2022.

**COMPLAINT ¶15:**

The Defendant unlawfully denied Plaintiffs accommodation without any consideration of Plaintiff's requests, leaving her with a "Hobson's choice" and she was summarily discharged on February 14, 2022, for failing to take the COVID-19 vaccine. Plaintiff believes that Defendant made its decision to terminate in retaliation to her submitted request and failed to approve Plaintiffs request for a religious exemption and Defendant's refusal to offer or approve accommodations for her therefore resulted in her wrongful termination.

**ANSWER:**

Defendant denies the allegations in Paragraph 15. Answering further, Defendant states that the Court dismissed Plaintiff's retaliation claim with prejudice, and during the parties' November 24, 2025 status conference, Judge Guzman noted on the record that the retaliation claim was stricken.

**COMPLAINT ¶16:**

Plaintiff filed a claim with Equal Employment Opportunity Commission (hereinafter, the "EEOC") on February 4, 2022. Plaintiff never had a hearing with the EEOC. The EEOC stated that it will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. The EEOC also stated that this determination does not certify that the Defendant is in compliance with the statutes.

**ANSWER:**

Defendant admits that Plaintiff filed a charge with the EEOC on or around June 6, 2022, and that the EEOC issued a Determination and Notice of Rights on or about August 31, 2022, which speaks for itself. Otherwise, denied.

**COMPLAINT ¶17:**

Plaintiff received a "Right to Sue Letter" from EEOC on August 31, 2022 a copy of which is attached hereto as Exhibit B.

**ANSWER:**

Defendant admits the allegations in Paragraph 17.

**COMPLAINT ¶18:**

As a result of Defendant's actions, Plaintiff has suffered severe financial and emotional distress.

**ANSWER:**

Defendant denies the allegations in Paragraph 18.

**COMPLAINT ¶19:**

Plaintiff has suffered anxiety, depression and neurosis. She has also suffered socially when she left her team and colleagues at Sanofi when she was wrongfully terminated. Plaintiff has also suffered physically due to stress-induced facial itching, swelling and pain, with no neurological cause found.

**ANSWER:**

Defendant denies the allegations in Paragraph 19.

**COMPLAINT ¶20:**

Plaintiff has suffered financially, including damages due to loss of income, expenses related to legal fees to obtain her unemployment benefits, credit card usage and stress on her relationships, all due to Defendant's denial of her religious exemption and their failure to offer her an accommodation.

**ANSWER:**

Defendant denies the allegations in Paragraph 20.

**COMPLAINT ¶21:**

Plaintiffs wrongful termination and Defendant's actions has caused Plaintiff to lose her health insurance and dental insurance.

**ANSWER:**

Defendant denies the allegations in Paragraph 21.

**COMPLAINT ¶22:**

Plaintiff was a high achieving employee and because of her wrongful termination has lost her annual bonus and pension/retirement benefits as well.

**ANSWER:**

Defendant denies the allegations in Paragraph 22.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATION OF M.G.L. CHAPTER 151 AND VIOLATION OF TITLE VII

**COMPLAINT ¶23:**

Paragraphs 1-22 are referenced and incorporated into Count I.

**ANSWER:**

Defendant incorporates its responses to Paragraphs 1-22 herein.

**COMPLAINT ¶24:**

The Plaintiff at all relevant times was engaged in protected activity under MGL Chapter 151B and 42 USC§ 2000e *et seq.*

**ANSWER:**

Defendant denies the allegations in Paragraph 24.

**COMPLAINT ¶25:**

The Defendant wrongly, arbitrarily and capriciously denied Plaintiff a religious exemption from having to inject herself with the COVID- 19 vaccine due to her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 25.

**COMPLAINT ¶26:**

The Defendant retaliated against the Plaintiff because she submitted a request for a religious exemption to comply with Defendants COCID-19 [sic] Vaccine Policy for reasons of her sincerely held religious beliefs preventing her from such action of injecting the COVID-19 vaccine into her body.

**ANSWER:**

Defendant denies the allegations in Paragraph 26. Answering further, Defendant states that the Court dismissed Plaintiff's retaliation claim with prejudice, and during the parties' November 24, 2025 status conference, Judge Guzman noted on the record that the retaliation claim was stricken.

**COMPLAINT ¶27:**

The Defendant at all times knew, or should have known, that the Center for Disease Control ("CDC") stated that the COVID-19 vaccine did not prevent contracting nor spreading the disease. At the most it may have helped lessen symptoms.

**ANSWER:**

Defendant denies the allegations in Paragraph 27.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT:**

Enter Judgment against the Defendant, finding that the Defendant's conduct was knowingly and intentionally in bad faith, with knowledge or reason to know that their acts would cause substantial hardship to the Plaintiff, and against public policy and common law, for damages as follows:

1. A minimum amount of Two Million Dollars ("$2,000,000.00") for general damages and costs;

2. For general damages in an amount to be determined for emotional distress, embarrassment, humiliation, anxiety, sleeplessness, and emotional trauma;

3. For all reasonable attorney's fees;

4. For all applicable interests and related costs;

5. For the costs of suit incurred herein, and;

6. For all other relief this Honorable Court deems meet, and just.

**ANSWER:**

Defendant denies that Plaintiff is entitled to any relief whatsoever.

The Plaintiff demands a trial by jury on all counts.

**ANSWER:**

Defendant admits that Plaintiff demands a jury trial on all counts, and Defendant also demands a jury trial.

## ADDITIONAL DEFENSES

### First Additional Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Additional Defense

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiffs' claims are time-barred, in whole or in part.

### Third Additional Defense

To the extent Plaintiff failed to exhaust her administrative remedies and/or failed to comply with the procedural prerequisites prior to bringing some or all of her claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

### Fourth Additional Defense

Granting Plaintiff's request for exemption from the vaccination requirement would have posed an undue hardship on Defendant, and Plaintiff fails to identify any comparators who were treated more favorably.

**Fifth Additional Defense**

Plaintiff posed a direct threat to the workplace, no reasonable accommodation would eliminate that threat, and her proposed accommodation was not reasonable.

**Sixth Additional Defense**

To the extent Plaintiff alleges that any of Defendant's employees acted in an improper or illegal manner, such conduct, if it occurred, was outside the course and scope of their employment, was not authorized, ratified, or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

**Seventh Additional Defense**

Defendant has complied with all laws and regulations and otherwise satisfied all of its statutory obligations toward Plaintiff.

**Eighth Additional Defense**

Plaintiff cannot establish a *prima facie* case of religious discrimination or retaliation.

**Ninth Additional Defense**

Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory reasons.

**Tenth Additional Defense**

Defendant avers that even if some impermissible motive were a factor in any employment decision(s) concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

**Eleventh Additional Defense**

Without conceding that Plaintiff has suffered any damages as a result of the purportedly wrongful acts of Defendant, Plaintiff has failed to mitigate her damages.

**Twelfth Additional Defense**

Plaintiff's retaliation claim fails because Plaintiff cannot establish causation.

**Thirteenth Additional Defense**

Plaintiff's retaliation claim has been dismissed with prejudice, and is therefore impermissibly raised in the Third Amended Complaint. During the parties' November 24, 2025 status conference, Judge Guzman noted on the record that the retaliation claim was stricken.

**RESERVATION OF RIGHTS**

Defendant reserves the right to raise additional defenses as may be discovered during the course of these proceedings. Defendant joins Plaintiff in his request for a jury trial.

December 18, 2025

Respectfully submitted,

SANOFI-AVENTIS US, LLC,

By its attorneys,

*/s/ Christopher W. Kelleher*

Kristin G. McGurn (BBO No. 559687)
kmcgurn@seyfarth.com
Christopher W. Kelleher (BBO No. 705508)
ckelleher@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone: (617) 946-4800
Telecopier: (617) 946-4801

**CERTIFICATE OF SERVICE**

I, Christopher W. Kelleher, certify that on December 18, 2025, I caused a true and accurate copy of the foregoing document to be filed and uploaded to the CM/ECF system.

*/s/ Christopher W. Kelleher*
Christopher W. Kelleher